**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMERICA BANK, | : |
| Plaintiff, | : |
| v. | : Case No. 3:08-CV-678 |
| | : (Judge Kosik) |
| STATE PETROLEUM DISTRIBUTORS, INC.; PETROLEUM SERVICES, LLC; BB&O MANAGEMENT, INC.; DAWSON U., LLC; ROBERT LAMBERT; and JOSEPH OCCHIPINTI, | : |
| Defendants. | : |
| STATE PETROLEUM DISTRIBUTORS, INC.; PETROLEUM SERVICES, LLC; BB&O MANAGEMENT, INC.; DAWSON U., LLC; ROBERT LAMBERT; and JOSEPH OCCHIPINTI | : |
| Plaintiffs, | : Consolidated Case No. 3:08-CV-920 (closed) |
| v. | : |
| COMERICA BANK, | : |
| Defendant. | : |

**MEMORANDUM**

Before us is the defendants' motion to continue consideration of Comerica's Motion for Summary Judgment (doc. 34) until after discovery pursuant to Federal Rule of Civil Procedure 56(f). (Doc. 45.) Comerica filed the Complaint in the Middle District of Pennsylvania on April 10, 2008. (Doc. 1.) The defendants filed a complaint in the Court of Common Pleas of Lackawanna County on May 2, 2008, which Comerica removed to the Middle District of Pennsylvania on May 13, 2008. (Doc. 1, No. 08-CV-920.) We consolidated both complaints into the above-styled case. (Doc. 29.) The defendants filed their motion to continue summary judgment as premature and their supporting brief on July 8, 2008. (Docs. 45, 46.) Comerica

filed a brief opposing the motion on July 24, 2008.[1]  (Doc. 49.)  Therefore, the motion is ripe for disposition.

Rule 56(f) provides "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  Fed. R. Civ. P. 56(f).  The party moving under Rule 56(f) must support the motion with an affidavit that states "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Doe v. Abington Friends Sch., 480 F.3d 252, 255 n.3 (3d Cir. 2007) (quoting Dowling v. City of Phila., 855 F.2d 136, 140 (3d Cir. 1988)).

"[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'"  Id. at 257 (quoting Dowling, 855 F.2d at 139).  District courts routinely grant Rule 56(f) motions, especially when there are outstanding discovery requests or when relevant facts are within the control of the moving party.  Id.  "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."  Id. (citing Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845–46 (3d Cir. 1992)).  It is improper for a court to rule on a summary judgment motion without first ruling on the pending Rule 56(f) motion.  Id.

The defendants submit an affidavit of their attorney that states that no discovery has occurred (nor has the Rule 26(f) conference), and specifies the discovery required and how it is vital to the success of their claims.  (Doc. 45-2.)  The affidavit identifies the depositions of Peter J. Stasevich and Donald LaJevic as crucial to the support of the defendants' case.  (Id. ¶¶ 7, 8.)

---

[1] We note that Comerica's brief in opposition to the defendants' Motion for Continuance is late pursuant to the deadlines provided in our local rules.  Local Rule 7.6 provides: "Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . ."  M.D. Pa. Loc. R. 7.6.

In addition, the attorney affirms that documents to be produced during the course of discovery by Comerica may reveal the identities of additional, heretofore unknown, persons of interest to the defendants.  (Id. ¶ 9.)  The defendants argue that Comerica "knowingly waived any right it may have had to insist on strict performance of the written agreement between Comerica and SPD as a result of the parties' course of performance."  (Id. ¶ 6.)  This information, whether discoverable by depositions, document production, or written interrogatory, is generally under the control of Comerica.

In light of the above facts and because we must give a party opposing a motion for summary judgment adequate opportunity to conduct discovery, we will grant the defendants' Motion for Continuance.  See Doe, 480 F.3d at 256.  Because we do not want to leave the Motion for Summary Judgment pending indefinitely, we will dismiss it without prejudice as premature.  Comerica may renew its motion after the essential discovery has occurred.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMERICA BANK, <br><br> Plaintiff, <br><br> v. <br><br> STATE PETROLEUM DISTRIBUTORS, INC.; PETROLEUM SERVICES, LLC; BB&O MANAGEMENT, INC.; DAWSON U., LLC; ROBERT LAMBERT; and JOSEPH OCCHIPINTI, <br><br> Defendants. | Case No. 3:08-CV-678 <br><br> (Judge Kosik) |
| STATE PETROLEUM DISTRIBUTORS, INC.; PETROLEUM SERVICES, LLC; BB&O MANAGEMENT, INC.; DAWSON U., LLC; ROBERT LAMBERT; and JOSEPH OCCHIPINTI <br><br> Plaintiffs, <br><br> v. <br><br> COMERICA BANK, <br><br> Defendant. | Consolidated Case No. 3:08-CV-920 (closed) |

## ORDER

AND NOW, this 4th day of August, 2008, IT IS HEREBY ORDERED THAT:

1. The defendants' Motion for Continuance is **GRANTED**;

2. For reasons of administrative efficiency, Comerica's Motion for Summary Judgment is **DISMISSED WITHOUT PREJUDICE** as premature.

3. Following the close of the thirty (30) day discovery period, either party may renew the Motion for Summary Judgment, and may submit additional documentation and briefs as needed.

*s/Edwin M. Kosik*
United States District Judge